CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 11 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR30045 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| CALEB RINCON, | ) | |
| | ) | |
| | ) By: | B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The defendant's right to be charged by Grand Jury Indictment having been duly waived, the government filed a Superseding Information charging defendant in Count One with knowingly transporting or shipping, or knowingly attempting to transport or ship, in interstate commerce by means of a computer, child pornography (numerous digital image files), as defined in Title 18, United States Code, Section 2256(8)(A), in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(b)(1); and Count Two provides that upon conviction for violating Title 18, United States Code, Section 2252A, defendant shall forfeit to the United States any and all matter which contains visual depictions, produced, transported, shipped, or received in violation thereof; any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation(s); and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the violation(s), as specifically set forth in the Superseding Information. To the extent the property set forth in Count Two is not available for forfeiture as a result of any act or omission of the defendant, the United States intends

to seek substitute assets pursuant to the provisions of Title 18, United States Code, Section 2253(o), in violation of Title 18, United States Code, Section 2253.

On September 4, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Superseding Information and agreed to the Count Two forfeiture. In exchange for his plea of guilty, the government agreed to move for the dismissal of the Indictment.

At this hearing the defendant was placed under oath and testified his full legal name is Caleb Rincon, he was born on April 19, 1988, and he attended high school up to the eleventh grade. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that she had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Superseding Information and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances, or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony and that, if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a

mandatory assessment of $100. The defendant acknowledged that he consented to the forfeiture of property as set forth in the plea agreement and that such a forfeiture of property is proportionate to the degree and nature of the offense he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within thirty days of the date of the plea agreement. The defendant testified that "knowingly and voluntarily" waived any right to appeal the sentence and collaterally attack the judgment and sentence imposed, and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Superseding Information, including any facts related to sentencing. The defendant further testified that he knew that the government retained the right to appeal any sentence below the applicable guidelines range or below the government's recommended sentence. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One, is twenty years imprisonment, a fine of $250,000, and a period of supervised release. The defendant was informed that Count One has a mandatory minimum sentence of five years imprisonment. The defendant was further informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed

that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant testified he knew that his offense level would likely be calculated under USSG § 2G2.2, and that if he passes the polygraph, the government will recommend that his offense level be increased by no more than two levels under § 2G2.2(b)(3). The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and because he meets the listed criteria, he should be granted an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant acknowledged he was aware that if he fulfilled his obligations under the plea agreement the government agreed to recommend a sentence between the low end and middle of the applicable sentencing guidelines range. The defendant stated he knew that the government would object to any motion for downward departure and that the court is not bound by the government's recommendation. The defendant stated that he knew that parole had been

4

abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration. The defendant testified he and the government would recommend he receive a term of supervised release which would include special conditions, as fully set forth in his plea agreement, in addition to the standard conditions of supervised release. The defendant acknowledged he knew that pursuant to the Sex Offender Registration and Notification Act he must register and keep his registration current, and any failure on his part to register, could lead to fine, imprisonment, or both.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea. The defendant asked the court to accept his plea of guilty to Count One of the Superseding Information and

5

his agreement to the Count Two forfeiture.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

In August 2005, while online in an undercover capacity, an investigator received a child pornography video, via e-mail, from another individual. The investigator subsequently received subscriber information for other persons who had been on the distribution list for the same above-described e-mail transmission of the video, one of whom was named "Thrasher4321." In February 2006, investigators learned that "Thrasher4321" was a screen name registered to the defendant, Caleb Rincon's, father at their home address in Woodstock, Virginia.

On April 26, 2006, special agents with the Bureau of Immigration and Customs Enforcement (ICE) and other law enforcement officers executed a search warrant at the defendant's Woodstock home. The defendant volunteered that he was the proper target of the investigation, and not his father. Investigators seized computer evidence and interviewed the defendant. The defendant admitted, among other things, that he was the sole user of the screen name "Thrasher4321" and that he had been in chat rooms to view and trade child pornography. He stated that he had been doing this since he was 16 years old. (The defendant turned 18 approximately a week prior to the execution of the search warrant). He further stated that investigators would likely find images (i.e., child pornography) on the computer depicting children of pre-teen age down to approximately one-year old. He stated that he used Peer-to-Peer systems (Kazaa and Shareaza) and AOL to view and trade images and videos. The defendant further stated that he was initially simply curious but that the viewing of child pornography became

6

"addictive." He acknowledged that this behavior was "wrong" but said that he could not stop his behavior.

The computer evidence that was seized during the execution of the search warrant was analyzed by a forensic examiner and determined to contain numerous images and movie files of child pornography as defined in 18 U.S.C. § 2256(8)(A). Regarding email traffic, it should be noted that the analyst was specifically asked to limit his search for emails that occurred after the defendant turned 18. The analyst found evidence that the defendant had received and transmitted child pornography after his 18th birthday.

The defendant was subsequently indicted for possession of child pornography. Shortly before he was arrested on this Indictment, ICE agents received information from the Federal Bureau of Investigation (FBI) that on or about February 7, 2007, an undercover FBI agent was using a file sharing Peer-to-Peer program known as LimeWire. The agent conducted a search using the term "5YO." When he got the results of his search, he observed multiple child pornography files available at an Internet Protocol address that subsequently was learned to be associated with the defendant's address (and associated with an account in the names of the defendant's mother and grandmother). Of the approximately 1856 files observed to be available from this account, most of the titles themselves suggested that they contained child pornography images.

On March 1, 2007, ICE agents arrested the defendant pursuant to the arrest warrant issued for the Indictment. Defendant's father provided consent to search a new computer at the residence that the father had purchased and provided to the defendant for the defendant's use. Special Agent Dawn Gabel, ICE, subsequently obtained a federal search warrant to search this second computer. This computer was also examined and revealed numerous images and movie files of child pornography as defined under

18 U.S.C. § 2256(8)(A).

The child pornography recovered from both computers (i.e., the computers seized in April 2006 and March 2007) included images and movies depicting prepubescent (and often very young) children engaged in various sexual acts as well as the lascivious exhibition of genitals. Moreover, many images recovered from each computer were determined to portray identified minors from outside of Virginia. The child pornography was recovered from computer evidence recovered from the defendant's Woodstock, Virginia, home which is in the Western District of Virginia.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Superseding Information and agreed to the Count Two forfeiture; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Superseding Information and adjudge him guilty of that offense and accept his agreement to the Count Two forfeiture. The undersigned further DIRECTS

that a presentence report be prepared. A sentencing hearing hereby is scheduled for November 20, 2007 at 11:30 a.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/
United States Magistrate Judge

Sept 11, 2007
Date